Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, AK  99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Lmtrueb@msn.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| RYAN MITCHELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VITUS MARINE, LLC, the ELMER L and ) <br> GENEVA C. SMITH LIVING TRUST, MARK ) <br> SMITH as agent for the ELMER L. and GENEVA ) <br> C. SMITH LIVING TRUST, and MARK SMITH ) <br> Individually, ) <br> ) <br> Defendants. ) <br> ) | Case No.  3:20-cv- <br><br> **COMPLAINT FOR MARITIME PERSONAL INJURIES** |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY
AND PREPAYMENT OF COSTS
(28 U.S.C. §1916)**

Plaintiff Ryan Mitchell, through counsel Johnson Beard & Trueb, PC, alleges the following causes of action against Defendants.

**JURISDICTION**

1.     This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears.  This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).  The negligence action against plaintiff's employer arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. § 30104 (Jones Act).  Plaintiff's other claims arise under

Complaint
*Mitchell v. Vitus Marine et. al*                                                                                   Page 1 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 1 of 9

the general maritime law and other alternative applicable law. Plaintiff waives his right to a trial by jury and elects to try his action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

## THE PARTIES

2. Plaintiff hereby realleges and incorporates Paragraph 1.

3. Plaintiff Ryan Mitchell is a resident of the State of California, and was at all material times a seaman in the employment of defendant Vitus Marine, LLC ("Vitus") and in the service of the Tug CAVEK, O.N. 1231665.

4. During all times herein mentioned, defendant Vitus was and is an Alaska company with its principle place of business in Alaska.

5. During all times herein mentioned, defendant Vitus was the owner and/or owner pro hac vice and/or operator and/or charterer and/or controller of the Tug CAVEK, O.N. 1231665.

6. On information and belief, during all times relevant the Elmer L. and Geneva C. Smith Living Trust, dated April 24, 1989, was the owner of the property located in Dillingham, Alaska on which plaintiff was injured.

7. On information and belief, during all times relevant defendant Mark Smith was an agent for the Elmer L. and Geneva Smith Living Trust and/or manager of and/or controller of the property on which plaintiff was injured, and a resident of the State of Alaska.

8. On information and belief, during all times relevant Mark Smith individually was a resident of the State of Alaska and was an agent for and/or manager of and/or controller of the property on which plaintiff was injured.

9 The defendant Elmer L. and Geneva C. Smith Living Trust, defendant Mark Smith as agent of the Elmer L. and Geneva C. Smith Living Trust, and Mark Smith individually

Complaint
*Mitchell v. Vitus Marine et. al* Page 2 of 9

are herein after collectively referred to as "property defendants".

## CLAIMS FOR JONES ACT NEGLIGENCE & UNSEAWORTHINESS

10. Plaintiff hereby realleges and incorporates Paragraphs 1-9.

11. On or before April 15, 2018, plaintiff was engaged as a seaman by defendant Vitus and/or its agent(s) to be employed aboard defendant Vitus' vessels, including the CAVEK.

12. On or about April 18, 2018, and while plaintiff was performing his duties, he was carrying an outboard engine to and into a shop for repair. After stepping down onto the shop floor, he slipped on ice left on the shop floor and fell backwards. Plaintiff fell onto his back and right hip, with the engine coming down on his left thigh. The fall caused injury to plaintiff's neck, back and other body parts.

13. Defendant Vitus had legal duties under the Jones Act to assure seamen in its employ, including plaintiff, had, among other legal duties owed, the duty to provide a safe place to work. Defendant Vitus' legal duties extended to off vessel sites it and/or its agents sent plaintiff to work. Defendant Vitus' duties included a legal duty to inspect and inform its seamen employees, including plaintiff, of hazards associated with off vessel work sites it and/or its agents sent plaintiff to work.

14. Defendant Vitus had legal duties under the Jones Act which included the duties, without limit:

a) to assure there were in place policies and procedures to inspect and inform its seamen employees, including plaintiff, of hazards associated with off vessel work sites it and/or its agents sent plaintiff to work;

b) to assure its agents and/or employees were properly and adequately trained with respect to off vessel work site policies and procedures of inspection and the communication of hazards to its seamen employees, including plaintiff; and

Complaint
*Mitchell v. Vitus Marine et. al*

Page 3 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 3 of 9

c) to assure its agents and/or employees followed its off vessel work site policies and procedures of inspection and the communication of hazards to its seamen employees, including plaintiff.

15. Defendant Vitus breached its duties owed plaintiff under the Jones Act, including the duty to inspect and warn regarding hazards associated with off vessel work sites it sent plaintiff to work.

16. Without limit, defendant Vitus' failure to have in place the policies and procedures noted in ¶14, its failure to properly and adequately train with respect to the policies and procedures noted in ¶14, and its failure to assure its agents and/or employees followed the policies and procedures noted in ¶14, constituted a breach of its warranty of seaworthiness, and rendered the CAVEK unseaworthy.

17. As a direct and proximate result of said negligence and unseaworthiness as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to his neck, back and other body parts, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

18. Additionally, after plaintiff suffered his injuries while in the service of defendant Vitus' vessel(s), defendant Vitus failed to pay and/or timely pay plaintiff all the maintenance and cure he was owed. Defendant Vitus' negligent and/or intentional failure to pay all maintenance and cure owed, or otherwise provide for plaintiff's medical care and support during convalescence is the direct and proximate cause of additional physical and emotional injuries suffered by plaintiff.

19. As a direct and proximate result of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation. In addition to the loss of income, loss of enjoyment of life, and pain and suffering

Complaint
*Mitchell v. Vitus Marine et. al*  Page 4 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 4 of 9

plaintiff has already suffered because of his injuries, plaintiff was prevented from, and he will in the future be prevented from enjoying the enjoyments and pursuits of life, and plaintiff has further incurred, and will in the future incur medical expenses, lost earnings and lost earning capacity, pain and suffering, anguish, disfigurement, psychological stress, disability and loss of enjoyment of life, all to plaintiff's damage in the sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

## CLAIMS FOR MAINTENANCE & CURE

20. Plaintiff hereby realleges and incorporates Paragraphs 1-19.

21. A vessel employer owes all seamen who become ill or injured while in the service of the vessel the no-fault maritime obligations of maintenance and cure.

22. The vessel employer's obligation to pay maintenance and cure is the most pervasive of all the obligations owed a seaman.

23. Defendant Vitus was plaintiff's vessel employer.

24. Defendant Vitus owed a duty to pay plaintiff maintenance and cure for the injuries plaintiff incurred while in the service of the defendant Vitus' vessel(s).

25. After plaintiff suffered his injuries while in the service of the defendant Vitus' vessel(s), defendant Vitus failed to pay plaintiff all maintenance and cure owed.

26. Plaintiff also claims all past and future maintenance and cure to which he is entitled, all in an amount to be determined at trial.

## CLAIMS FOR GENERAL MARITIME LAW NEGLIGENCE

27. Plaintiff hereby realleges and incorporates Paragraphs 1 - 26.

28. On information and belief, at all relevant times the shop where plaintiff fell was owned, managed and/or controlled by the property defendants or any one of them.

29. On information and belief, at all times relevant the property defendants or any one

Complaint
*Mitchell v. Vitus Marine et. al* Page 5 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 5 of 9

of them held out the shop where plaintiff was injured for use by defendant Vitus and defendant Vitus' employees, including plaintiff.

30. On information and belief, at all times relevant the property defendants or any one of them invited defendant Vitus and defendant Vitus' employees, including plaintiff, onto and to use the shop where plaintiff was injured.

31. The property defendants or any one of them had a duty under the general maritime law to those it let use and/or invited onto the property and shop where plaintiff was injured, including plaintiff, to assure the property and shop were properly maintained and free of hazards, and to warn of hazards – including hazards that were not open and obvious or readily apparent.

32. The property defendants or any one of them breached this duty by, without limit, allowing ice to form and accumulate on the shop floor.

33. The property defendants or any one of them breached this duty by, without limit, not warning those they invited onto their property, including plaintiff, of ice on the shop floor.

34. Property defendants' or any one of their breaches of these duties was/were the legal cause of plaintiff's fall, injury and damages.

35. As a direct and proximate result of said negligence as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to his neck, back and other body parts, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

36. As a direct and proximate result of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation. In addition to the loss of income, loss of enjoyment of life, and pain and suffering plaintiff has already suffered because of his injuries, plaintiff was prevented from, and he will in

Complaint
*Mitchell v. Vitus Marine et. al*

Page 6 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 6 of 9

the future be prevented from enjoying the enjoyments and pursuits of life, and plaintiff has further incurred, and will in the future incur medical expenses, lost earnings and lost earning capacity, pain and suffering, anguish, disfigurement, psychological stress, disability and loss of enjoyment of life, all to plaintiff's damage in the sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

**ALTERNATIVE CLAIMS FOR NEGLIGENCE UNDER ALASKA STATE LAW**

37. Plaintiff hereby realleges and incorporates Paragraphs 1 - 36.

38. While plaintiff contends and believes he was a seaman in the service of defendant Vitus' vessel(s), and has been paid maritime benefits by defendant Vitus under the general maritime law, and not Federal or State workers' compensation, in an abundance of caution, and so as to protect Plaintiff's rights as against all potential defenses that might be alleged in this matter, plaintiff alleges the following alternative claims for negligence under Alaska State Law.

39. On information and belief, at all relevant times the shop where plaintiff fell was owned, managed and/or controlled by the property defendants or any one of them.

40. On information and belief, at all times relevant the property defendants or any one of them held out the shop where plaintiff was injured for use by defendant Vitus and defendant Vitus' employees, including plaintiff.

41. On information and belief, at all times relevant the property defendants or any one of them invited defendant Vitus and defendant Vitus' employees, including plaintiff, onto and to use the shop where plaintiff was injured.

42. The property defendants or any one of them had a duty under Alaska State Law to those it let use and/or invited onto the property and shop where plaintiff was injured, including plaintiff, to assure the property and shop were properly maintained and free of hazards, and to warn of hazards – including hazards that were not open and obvious or readily apparent.

Complaint
*Mitchell v. Vitus Marine et. al* Page 7 of 9
Case 3:20-cv-00082-SLG   Document 1   Filed 04/09/20   Page 7 of 9

43. The property defendants or any one of them breached this duty by, without limit, allowing ice to form and accumulate on the shop floor.

44. The property defendants or any one of them breached this duty by, without limit, not warning those they invited onto the property, including plaintiff, of ice on the shop floor.

45. Property defendants' or any one of their breaches of these duties was/were the legal cause of plaintiff's fall, injury and damages.

46. As a direct and proximate result of said negligence as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to his neck, back and other body parts, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

47. As a direct and proximate result of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation. In addition to the loss of income, loss of enjoyment of life, and pain and suffering plaintiff has already suffered because of his injuries, plaintiff was prevented from, and he will in the future be prevented from enjoying the enjoyments and pursuits of life, and plaintiff has further incurred, and will in the future incur medical expenses, lost earnings and lost earning capacity, pain and suffering, anguish, disfigurement, psychological stress, disability and loss of enjoyment of life, all to plaintiff's damage in the sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays this Court to hear his just cause of action, and that this Court require Defendants to answer his just cause of action, and that he be awarded judgment against Defendant as follows:

1. That plaintiff be awarded maintenance and cure against defendant Vitus.

2. That plaintiff be awarded compensatory damages, both general and special,

Complaint
*Mitchell v. Vitus Marine et. al* Page 8 of 9

against defendants jointly and severally in a sum in excess of $100,000.00, in an amount to be more fully determined at trial in this matter.

      3.     That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 9th day of April 2020.

                                        JOHNSON BEARD & TRUEB, PC
                                        Attorneys for Plaintiff

                                        By: /s *Lanning M. Trueb*
                                              Lanning M. Trueb, ABA No. 8911083

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Complaint
*Mitchell v. Vitus Marine et. al*           Page 9 of 9